UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HIGUCHI INTERNATIONAL
CORPORATION d/b/a HIGUCHI
MANUFACTURING AMERICA
and HIGUCHI MANUFACTURING
MEXICO S. de R.L. de C.V.,

                Plaintiffs,

v.

AUTOLIV ASP, INC.,

                Defendant.
_____/

Case No. 23-cv-11869

Paul D. Borman
United States District Judge

**ORDER GRANTING IN PART PLAINTIFFS' MOTION REQUESTING BOND TO SECURE DAMAGES FROM ENTRY OF PRELIMINARY INJUNCTION (ECF No. 26)**

**Background**

On August 18, 2023, this Court entered a preliminary injunction ordering Plaintiffs Higuchi International Corporation d/b/a Higuchi Manufacturing America and Higuchi Manufacturing Mexico S. de R.L. de C.V. (collectively, "Higuchi") "to supply Parts under the Purchase Orders, without interruption, at the prices the parties agreed to under protest before August, 2, 2023, until final resolution of this lawsuit on the merits." (ECF No. 23, PageID 563) (internal quotation and alteration marks omitted).

1

On August 24, Higuchi filed a Motion Requesting Bond to Secure Damages from Entry of Preliminary Injunction (ECF No. 26), which is now before the Court. In this Motion, Higuchi "requests that the Court order [Defendant] Autoliv ASP, Inc. to produce a security bond in the amount of $20 million," pursuant to Federal Rule of Civil Procedure 65(c). (ECF No. 26, PageID 568–77.)

On August 29, Autoliv filed a Response, in which it argues that "[t]he optional security is inappropriate." (ECF No. 27, PageID 598.)

On August 30, Higuchi filed a Reply. (ECF No. 28.)

And on August 31, the Court held a Hearing on Higuchi's Motion.

## Discussion

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction or temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

"District courts have broad discretion in setting the bond amount." *Static Control Components, Inc. v. Lexmark Intern., Inc.*, 697 F.3d 387, 400 (6th Cir. 2012). "'[T]he court may order a bond that does not completely secure the enjoined party or the court may decline to order a bond, if necessary for the purpose of effecting justice between the parties.'" *Id.* at 400–01 (quoting *Div. No. 1, Detroit, Bhd. Of Locomotive Eng'rs v. Consol. Rail Corp.*, 844 F.2d 1218, 1227 n.15 (6th Cir. 1988)).

"In considering whether to require a plaintiff to give security and, if so, the amount of that security, the Court must balance the interests of the plaintiff and the defendant." *Yolton v. El Paso Tenn. Pipeline Co.*, 318 F. Supp. 2d 455, 475 (E.D. Mich. 2003), *vacated in other part on reconsideration sub nom.* 2004 WL 3661450 (Mar. 9, 2004). The purpose of "'protect[ing] the party injured from [possible] damage occasioned by the injunction' . . . must be weighed against the hardship that a bond would impose upon the [party posting it] and the diminishing impact such a requirement would have on the relief obtained." *Id.* (quoting *USACO Coal Co. v. Carbomin Energy, Inc.*, 689 F.2d 94, 100 (6th Cir. 1982)). Courts in this circuit have reduced the amount of security required, or declined to require security at all, for various reasons, including the weakness of the enjoined party's case on the merits and the lack of collection risk posed by the party who obtained the injunction. *See Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995) ("According to the lower court, no security was needed because of the strength of Eagle-Picher's case and the strong public interest involved. . . . [W]e conclude that the District Court did not err . . . ."); *Borgwarner PDS (Anderson), L.L.C. v. Indus. Molding Corp.*, No. 20-10607, 2020 WL 1169405, at *7 (E.D. Mich. Mar. 11, 2020) ("No security pursuant to Rule 65(c) need be posted by BorgWarner since it is not requesting any performance by IMC other than what is set forth in the Contracts."); *Western Surety Co. v. Futurenet Grp., Inc.*, No. 16-cv-11055, 2016 WL 3180188, at

3

*10 (E.D. Mich. June 8, 2016) ("Western is a large and apparently solvent surety company and thus there is no reason to require it to post security in advance."); *Radio One, Inc. v. Wooten*, 452 F. Supp. 2d 754, 760 (E.D. Mich. 2006) ("The Court finds that Defendant does not pose a collection risk, and thus will not require Defendant to post a bond.").

In its Motion and at the Hearing, Higuchi argued that the Court should set the $20 million security that it requests because it needs the security to collect damages on the injunction, Higuchi is losing money through its relationship with Autoliv, Higuchi has a strong case against the injunction on appeal, there is uncertainty in the automotive industry and thus about Autoliv's ability to pay damages in the future, Higuchi has provided an affidavit stating that the injunction costs it $1.2 million a month and an article suggesting that the appeal may take up to 17 months, and courts have imposed significant securities in comparable cases.

In its Response and at the Hearing, Autoliv argued that the Court should set no security at all, because Higuchi is unlikely to succeed in proving that the injunction was improper, Autoliv is not a collection risk, Higuchi's calculations as to the security amount are inflated, and Higuchi is already "hoarding" money from Autoliv.

After considering the parties' arguments, the Court finds that granting the full $20 million security that Higuchi requests would be excessive. The Court rejects

Higuchi's assertion that the United States Court of Appeals for the Sixth Circuit will take 17 months to resolve the appeal and directs the parties to consult the Federal Rules of Appellate Procedure and the Local Rules of the United States Court of Appeals for the Sixth Circuit for options to expedite the appeal. The Court further finds that Higuchi does not have a strong case for overturning the injunction on the merits and that Autoliv is (and will very likely remain) a large and solvent company.

On the other hand, the Court finds that requiring some security is appropriate here, and so it **GRANTS** Higuchi's Motion **IN PART**. In the exercise of its discretion, the Court **ORDERS** Autoliv to post a security of $750,000.00. As it did at the Hearing, the Court emphasizes that this security does *not* in any way limit the amount of possible injunction-related damages Higuchi could recover in the event that Higuchi succeeds at the United States Court of Appeals for the Sixth Circuit in proving that the injunction was improper.

    **IT IS SO ORDERED.**

<table>
<tr><td></td><td>s/Paul D. Borman</td></tr>
<tr><td>Dated: August 31, 2023</td><td>Paul D. Borman<br>United States District Judge</td></tr>
</table>