UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HIGUCHI INTERNATIONAL CORP.,
d/b/a HIGUCHI MANUFACTURING
AMERICA AND HIGUCHI
MANUFACTURING MEXICO
S. de R.L. de C.V.,

    Plaintiffs/Counter-Defendants,

v.

AUTOLIV ASP, INC.,

    Defendant/Counter-Plaintiff.        /

Case No. 23-cv-11869
District Judge Paul D. Borman

**ORDER DENYING PLAINTIFF HIGUCHI'S EMERGENCY MOTION FOR MODIFICATION AND RELIEF FROM THE COURT'S AUGUST 18, 2023 ORDER GRANTING DEFENDANT AUTOLIV'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION AGAINST HIGUCHI (ECF NO. 31)**

On October 16, 2023, Plaintiff Higuchi International filed an Emergency Motion for Modification and Relief from this Court's August 18, 2023 Order Granting Defendant Autoliv a Preliminary Injunction Against Plaintiff Higuchi. (ECF No. 31.)[1] On October 24, 2023, Defendant Autoliv filed a Response in Opposition to Higuchi's Emergency Motion. (ECF No. 33.)

---

[1] On August 22, 2023, Plaintiff Higuchi appealed this Court's Order of August 18, 2023, to the United States Court of Appeals for the Sixth Circuit: Docket No. 23-1752.

1

The Court's Opinion and Order of August 18, 2023 had denied Plaintiff Higuchi's request for Declaratory Relief, and granted Defendant Autoliv's Emergency Motion for a Preliminary Injunction against Plaintiff Higuchi, requiring Higuchi to supply parts under the Defendant's Purchase Orders without interruption "at the prices the parties agreed to under protest," "until final resolution of this lawsuit on the merits."

Defendant Autoliv has filed a Response in Opposition to Higuchi's Motion (ECF No. 33), contending that it has been timely making its substantial payments, and that the Court has no jurisdiction over this dispute because Higuchi agreed to submit claims for breach of the supply agreement to binding arbitration.

This is a dispute about the amount of payments, and/or their timeliness.

The Court finds relevant a decision by United States District Judge Robert Cleland, holding "that late payments or even non-payment of some invoices would not excuse Defendant from its obligation to perform the contract as any such breach would not effect such a change in essential operative elements of the contract that further performance by the other party is thereby rendered ineffective or impossible," and "that failure to timely meet payment does not constitute a substantial breach." *Eperspaecher v. Nelson Global*, 2012 WL 1247174 (E.D. MI., April 13, 2012) at p. 5; *accord*, *Coupled v. Component Bar Products*, 2012 WL 954646 (E.D. MI., March 21, 2012) at p. 4 (Judge Denise Page Hood).

The Court concurs with Judge Cleland's opinion, and applies its reasoning/ conclusion to this case.

Accordingly, the Court DENIES Higuchi's Emergency Motion for Modification and Relief from the Court's Order of August 18, 2023. (ECF No. 31.)

SO ORDERED.

DATED:  October 26, 2023            s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE